UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES GREFER,

        Petitioner,               **DECISION AND ORDER**

     v.                                           19-CV-6261 EAW

PAROLE OFFICER GRANT, S.P.O.
ENGLE, and NYS DOCCS,

        Respondents.
_____

## INTRODUCTION

*Pro se* petitioner Charles Grefer ("Petitioner") seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. 1; Dkt. 6). The Amended Petition filed on July 24, 2019 (Dkt. 6), is the operative pleading.

Currently before the Court are six motions filed by Petitioner: (1) a motion for default judgment filed on September 9, 2019 (Dkt. 9); (2) a motion to withdraw his motion for default judgment filed on September 18, 2019 (Dkt. 10); (3) a motion for free copies of his filings in this action filed on October 7, 2019 (Dkt. 12); (4) a motion for appointment of counsel filed on December 20, 2019 (Dkt. 19); (5) a motion seeking reconsideration of the denial of his request for a Clerk's entry of default filed on February 12, 2020 (Dkt. 28); and (6) a motion for an extension of time to file his reply memorandum of law filed on February 27, 2020 (Dkt. 34). The Court considers these motions below.

## **DISCUSSION**

**I.      Default Judgment Requests**

Initially, the Court considers Petitioner's various requests for a default judgment and/or a Clerk's entry of default. A brief summary of the procedural history of this matter is necessary to the Court's analysis.

Petitioner commenced this action on April 5, 2019. (Dkt. 1). On June 11, 2019, the Court entered an Order granting Petitioner leave to proceed *in forma pauperis* and ordering Respondents to answer within 90 days. (Dkt. 4). On July 24, 2019, Petitioner filed the Amended Petition. (Dkt. 6). On September 3, 2019, the Court entered an Order requiring Respondents to answer the Amended Petition within 90 days. (Dkt. 8). Respondents then filed two motions for an extension of time to file their answer, which the Court granted, extending Respondents' deadline to January 30, 2020. (Dkt. 14; Dkt. 15: Dkt. 21; Dkt. 23). Respondents timely filed their Answer on January 30, 2020. (Dkt. 25). On February 3, 2020, Petitioner filed a request for a Clerk's entry of default, which the Clerk of Court declined to enter based on Respondents having answered. (Dkt. 26).

As the foregoing history demonstrates, at no time did Respondents default in this matter. The Court notes as a threshold matter that even had Respondents failed to timely answer either the Petition or the Amended Petition, "relevant Second Circuit precedent precludes the Court from granting a habeas petitioner's motion for default judgment based on respondent's failure to file his answer on time." *McNally v. O'Flynn*, No. 09-CV-621S(F), 2010 WL 891151, at *2 (W.D.N.Y. Mar. 10, 2010); *see Bermudez v. Reid*, 733

F.2d 18, 21 (2d Cir. 1984) (explaining that entry of default judgment is not warranted in a habeas case unless the petitioner establishes "a claim or right to relief by evidence satisfactory to the court").

Moreover, Respondents timely answered the Amended Petition. Rule 5 of the Rules Governing § 2254 Cases in the United States District Courts expressly provides that "[t]he respondent is not required to answer the petition unless a judge so orders." In this case, the Court, via a series of orders, required Respondents to answer no later than January 30, 2020, which they did.

In his motion for reconsideration (Dkt. 28), Petitioner claims that Respondents' memorandum of law was missing from the copy of Respondents' Answer that was served on him. However, Respondents dispute that the memorandum of law was missing. (Dkt. 29). In any event, it is undisputed that Respondents thereafter mailed a second copy of the memorandum to Petitioner. (Dkt. 29; Dkt. 31). To the extent there was a minor delay in service of the memorandum of law on Petitioner, it caused him no prejudice and does not warrant entry of default judgment.

Moreover, while Petitioner claims that certain pages are missing from the state court record (*see* Dkt. 28; Dkt. 31; Dkt. 32), he has not offered any evidence that these pages were deliberately (or even inadvertently) withheld by Respondents, as opposed to the state court record simply having gaps. While the Court will certainly take Petitioner's arguments regarding these allegedly missing pages into account when assessing the merits of his claims, the mere existence of gaps in the state court record does not warrant entry of default judgment.

- 3 -

For the foregoing reasons, there is no basis to find default by Respondents. Accordingly, Petitioner's motion for default judgment and motion for reconsideration of the denial of his request for a Clerk's entry of default (Dkt. 9; Dkt. 28) are denied, and his motion to withdraw his motion for default judgment (Dkt. 10) is denied as moot.

## II. Request for Free Copies

The Court turns next to Petitioner's motion for free copies. (Dkt. 12). *In forma pauperis* status does not mean that a litigant is "automatically entitled to free copies of documents or rulings." *Cerilli v. Arnone*, No. 3:11-CV-1822 SRU, 2012 WL 2872836, at *2 (D. Conn. July 10, 2012); *see also McClinton v. Rocker*, No. 18-CV-6301 EAW, 2020 WL 264114, at *2 (W.D.N.Y. Jan. 14, 2020). As such, Petitioner has no right to free copies of any of the filings in this action. However, recognizing Petitioner's *pro status*, the Court will, on this one occasion, provide Petitioner with a free copy of the Amended Petition. In the future, if Petitioner requires additional copies, he must contact the Clerk of Court and pay the applicable copying fee.

## III. Motion for Appointment of Counsel

Petitioner seeks appointment of counsel. (Dkt. 19). "In a habeas corpus proceeding, the appointment of counsel is discretionary." *Vincent v. Smith*, No. 05 CIV. 7852(DAB)(KNF), 2006 WL 452895, at *1 (S.D.N.Y. Feb. 22, 2006); *see also Hubbert v. New York*, No. 20-CV-232, 2020 WL 1820502, at *2 (W.D.N.Y. Apr. 10, 2020) ("It is well established that prisoners have no constitutional right to counsel when collaterally attacking their convictions. . . . Instead, appointment of counsel is generally within the

court's discretion."). In considering whether to appoint counsel, the Court considers the following factors:

> (1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross-examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex.

*Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir. 2011) (citing *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986)). The first of these factors is a threshold requirement, and must be met before proceeding to the remainder of the inquiry. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) ("[T]he district judge should first determine whether the indigent's position [is] likely to be of substance. Only if the claim meets this threshold requirement, the court should then consider other criteria." (quotations omitted)).

Here, having reviewed the papers filed thus far, the Court cannot conclude that Petitioner has met the threshold requirement of demonstrating that his claims are likely to be of substance. While the Court will not determine the merits of the Amended Petition until Petitioner has the opportunity to file a reply, there are significant procedural and factual impediments to his various claims. On the record before the Court, appointment of counsel is not warranted. *See Barnes v. Alves*, 10 F. Supp. 3d 382, 385 (W.D.N.Y. 2014) ("[V]olunteer lawyer time is a valuable and limited commodity, and it should only be utilized for the most deserving cases.").

## IV. Motion for Extension of Time

Finally, the Court considers Petitioner's request for an extension of time to file his reply. (Dkt. 34). The basis for Petitioner's request was the pendency of the various motions discussed above. (*Id.*). These motions having now been resolved, the Court extends Petitioner's deadline to file a reply to June 29, 2020.

## CONCLUSION

For the reasons discussed above, Petitioner's motion for a default judgment (Dkt. 9), motion for reconsideration of the denial of his request for a Clerk's entry of default (Dkt. 28), and motion for appointment of counsel (Dkt. 19) are denied. Petitioner's motion to withdraw his motion for default judgment (Dkt. 10) is denied as moot. Petitioner's motion for free copies (Dkt. 12) is granted solely to the extent that the Clerk of Court is instructed to mail Petitioner a copy of the Amended Petition (Dkt. 6) with this Decision and Order. Petitioner's motion for an extension of time (Dkt. 34) is granted to the extent that his deadline to file a reply in further support of the Amended Petition is extended to June 29, 2020.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: June 1, 2020
      Rochester, New York